DAUKSCH, Judge.
This is a consolidated appeal from a final administrative order of the Florida Land & Water Adjudicatory Commission (FLWAC) which determined that the commercial land use designation of a five-acre parcel of property on the Future Land Use Map of the Seminole County Comprehensive Plan, as amended, is violative of the requirements of the Wekiva River Protection Act (The Act) as set forth in Chapter 369, Part III, Florida Statutes (1989). FLWAC ordered appellant, Seminole County, to adopt an amendment to its local Comprehensive Plan changing the subject property’s future land use designation from commercial to a designation that allows only low-density residential use at the density currently permitted under the suburban estates designation which permits a maximum density of one unit per acre. It confirmed the Department of Community Affairs’ determination that the remainder of the Seminole County Comprehensive Plan and Land Development Regulations, as amended, complied with the provisions of the Act. Miller Enterprises, Inc., owner of 1.55 acres and Albert Katz and Joseph Bre-chner, owners of 1.55 acres of the subject property are also appellants in this action.
In concluding that the commercial land use designation of the subject property does not comply with the requirements of the Act, FLWAC determined that the designation was violative of sections 369.-305(l)(b)3. & 5., Florida Statutes (1989). These sections provide:
369.305 Review of local comprehensive plans, land development regulations, Wekiva River development permits, and amendments.—
(1)
******
(b) The various land uses and densities and intensities of development permitted by the local comprehensive plan shall protect the resources enumerated in paragraph (a) and the rural character of the Wekiva River Protection Area. The plan shall also include:
******
3. Prohibition of development that is not low-density residential in nature, unless that development has less impact on natural resources than low-density residential development.
******
5. Restrictions on intensity of development adjacent to publicly owned lands to prevent adverse impacts to such lands.
FLWAC found specifically that many uses under the commercial designation conflicted with these statutory requirements. It found additionally that the common uses allowed under this designation could be expected to have a greater impact upon natural resources than low-density residential and an adverse impact upon the adjacent lower Wekiva River Preserve. It also found that because the Act does not confer jurisdiction, upon either the Department or itself, to review development orders for land outside of the Wekiva River protection zones, it was incumbent upon them to ensure that the comprehensive plan and land development regulations include the prohibitions and restrictions on development mandated by the Act.
FLWAC expressly rejected the hearing officer’s conclusion that the Seminole County Comprehensive Plan and Land Development Regulations were in compliance with the Act. The hearing officer found that the commercial designation of the subject property did not violate either of the above statutory requirements. The hearing officer found that this designation permitted a wide range of land uses and was violative of the Act only if no permitted use existed that was harmonious with these requirements. The hearing officer found additionally that the owners of the property could propose a site-specific commercial land use which would not violate the requirements.
The hearing officer further determined that the relative likelihood of a violation of the Act by a commercial designation, as opposed to suburban estates, was irrelevant so long as the designation did not necessitate a violation. More important, the hearing officer found that the Act’s failure to provide for departmental review *795 of development orders concerning land outside of the Wekiva River protection zones did not justify an attempted determination of the likelihood that Seminole County might, at a later date, grant development orders that were inconsistent with the Act and with the county’s plan.
We reverse FLWAC’s order. The Department is statutorily authorized to certify compliance with the Act of any local government comprehensive plan, comprehensive plan amendment or amendment to a land development regulation which applies to the Wekiva River Protection Area or any Wekiva River development permit solely within the protection zones. § 369.305(5), Fla.Stat. (1989). It is not permitted to certify compliance of any Wekiva River development permit located outside of the protection zones or of any development order approving, approving with conditions or denying a development of regional impact. Id. A Wekiva River development permit is defined as follows:
... any zoning permit, subdivision approval, rezoning, special exception, variance, site plan approval, or other official action of local government having the effect of permitting the development of land in the Wekiva River Protection Area. “Wekiva River development permit” shall not include a building permit, certificate of occupancy, or other permit relating to the compliance of a development with applicable electrical, plumbing, or other building codes.
§ 369.303(8), Fla.Stat. (1989). The subject property in the present case is located within the Wekiva River Protection Area but outside of the protection zones established for the Wekiva River. The Department is therefore preempted by local government from the decision making process with regard to any matter included within the definition of a Wekiva River development permit.
The legislature’s failure to provide for departmental review of development orders for property located outside of the protection zones is, as a matter of law, an insufficient basis by which to overturn the hearing officer’s legal conclusion that Seminole County’s Comprehensive Plan and Land Development Regulations were in compliance with the Act. Because the subject property is located outside of the Weki-va River protection zones, the Department is without jurisdiction to refuse to certify compliance of the county’s comprehensive plan because of a land use designation which it believes will violate the Act at some point in the future. Finally, sections 369.305(l)(b)3. & 5., Florida Statutes (1989) do not impose a per se restriction on all land use categories but rather, permit a property owner to show on a site-specific basis that the proposed use of his property will have less of an impact on the area’s natural resources than low-density residential use.
REVERSED.
COWART, J., concurs.
COBB, J., concurs specially with opinion with which COWART, J., concurs.